UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CINDY WRIGHT,

Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

Defendant.

______________________________________)

# COMPLAINT

The Plaintiff, CINDY WRIGHT ("WRIGHT"), by and through her undersigned counsel, hereby sues AETNA LIFE INSURANCE COMPANY ("AETNA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. WRIGHT brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. WRIGHT was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. AETNA is a corporation with its principal place of business in the State of Connecticut is authorized to transact business in the Southern District of Florida and can be found within

the venue of the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, AETNA, administers disability claims from its offices in Broward County, Florida, and is authorized to and is doing business within the Southern District of Florida.

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to WRIGHT by AETNA.

6. WRIGHT was at all times material an employee of Duke Energy Corporation.

7. WRIGHT was at all times material a plan participant under the Duke Energy Corporation's Long Term Disability Plan, Group Policy GP-700367 (the "LTD Plan"), which was established by Duke Energy Corporation and pursuant to which WRIGHT is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. AETNA is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, AETNA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, AETNA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, WRIGHT is entitled to LTD benefits for the duration of her disability for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan, you will be deemed disabled when either of the following

applies:

• After the first 24 months of a certified period of disability:
You are not able, solely because of disease or injury, to work at any reasonable occupation.

You will not be deemed to be performing either the material duties of your own occupation or working at a reasonable occupation if:

• you are performing at least one, but not all, of the material duties of your own occupation or you are working at any other occupation (full-time or part-time); and
• solely due to disease or injury-your income from either is 70% or less of your adjusted predisability earnings.

13. Since approximately March 9, 2007, WRIGHT has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, WRIGHT made a claim to AETNA under the LTD Plan for disability benefits.

15. AETNA initially approved and paid WRIGHT's LTD benefits from September 5, 2007 through November 26, 2015.

16. By way of a letter dated February 26, 2016, AETNA informed WRIGHT that her claim for continued LTD benefits had been denied and that additional LTD benefits would not be paid.

17. WRIGHT timely and properly appealed AETNA's denial of February 26, 2016.

18. By letter dated June 14, 2106, AETNA notified WRIGHT of its decision to uphold its adverse determination denying her claim for LTD benefits and informed WRIGHT that no further appeals would be considered as her administrative remedies had been exhausted.

19. At all relevant times, WRIGHT complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. At all relevant times, solely because of disease or injury, WRIGHT has been not able to perform the material duties of her own occupation or her earnings from working in her own occupation are 70% or less of adjusted predisability earnings.

21. At all relevant times, solely because of disease or injury, WRIGHT has been not able to work at any reasonable occupation or her earnings from working in any occupation are 80% or less of adjusted predisability earnings.

22. At all relevant times, WRIGHT has been under the appropriate care and treatment of a doctor.

23. At all relevant times, WRIGHT was a Covered Person under the LTD Plan.

24. From February 27, 2016 to the present date, WRIGHT has not received benefits owed to her under the LTD Plan despite WRIGHT's right to these benefits.

25. AETNA has refused to pay WRIGHT LTD benefits since February 26, 2016.

26. At all relevant times, AETNA was the payer of benefits.

27. At all relevant times, AETNA was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, AETNA was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

29. At all relevant times, WRIGHT has been and remains Disabled and entitled to LTD benefits from AETNA under the terms of the LTD Plan.

30. WRIGHT has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. WRIGHT incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), WRIGHT, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. WRIGHT has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of AETNA's failure to pay her disability benefits.

35. WRIGHT has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to WRIGHT at a time when AETNA knew, or should have known, that WRIGHT was entitled to those benefits under the terms of the LTD Plan, as WRIGHT was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of WRIGHT's claim for LTD benefits;

(c) After WRIGHT's claim was terminated in whole or in part, AETNA failed to adequately describe to WRIGHT any additional material or information necessary for WRIGHT to perfect her claim, along with an explanation of why such material is or was necessary.

(d) AETNA failed to properly and adequately investigate the merits of WRIGHT's disability claim and failed to provide a full and fair review of WRIGHT's claim.

37. WRIGHT believes and thereon alleges that AETNA wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which WRIGHT is presently unaware, but which may be discovered in this future litigation and which WRIGHT will immediately make AETNA aware of once said acts or omissions are discovered by WRIGHT.

38. Following the termination of benefits under the LTD Plan, WRIGHT exhausted all administrative remedies required under ERISA and WRIGHT has performed all duties and obligations on her part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of AETNA, WRIGHT has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding WRIGHT's claim for benefits, WRIGHT, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), WRIGHT is entitled to have such fees and costs paid by AETNA.

41. The wrongful conduct of AETNA has created uncertainty where none should exist; therefore, WRIGHT is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, CINDY WRIGHT prays for relief against AETNA LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 30, 2017

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Cesar Gavidia*

CESAR GAVIDIA, ESQUIRE
Florida Bar No: 015263
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com